# UNITED STATES DISTRICT COURT
## Western District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>DANIEL LARIVEE | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 2:23-cr-245-RJC-1<br>USM Number: 84401-510<br>Kathryn Dyer, Esquire<br>Defendant's Attorney |

**Date of Original Judgment:** 7/29/2025
*(Or Date of Last Amended Judgment)*

**THE DEFENDANT:**
☑ pleaded guilty to count(s) 1 and 2
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2261(A)(2)(A) and (B) | Cyberstalking | 10/1/2023 | 1 |
| 18 U.S.C. § 845(c) | Transmitting a threat in interstate commerce | 10/26/2023 | 2 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) 3, 4, and 5  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/29/2025
Date of Imposition of Judgment

s/Robert J. Colville
Signature of Judge

Robert J. Colville        US District Judge
Name and Title of Judge

10/29/2025
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Case 2:23-cr-00245-RJC   Document 78   Filed 10/29/25   Page 2 of 8
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 8

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
33 Months: Comprised of 33 months at each of Counts 1 and 2 of the indictment to run concurrently. While in prison, the Defendant shall not directly contact the individual named as Person 1 in the Indictment. The defendant may only indirectly contact Person 1 through a licensed attorney regarding the care of their shared minor child.

☑ The court makes the following recommendations to the Bureau of Prisons:

  Defendant shall be housed at a facility as close to Graniteville, Vermont as he so qualifies

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years: Comprised of 3 years at each of counts 1 and 2 to run concurrently

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# ADDITIONAL SUPERVISED RELEASE TERMS

While on Supervised Release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions of supervision recommended by the Sentencing Commission and adopted by this court, and shall comply with the following additional conditions.

1. You must not have direct or indirect contact with the victim in this case, Christian Larivee,, or any other member of the victims' immediate family, including Persephone Kelso,, spouse, parents, or other persons restricted by the probation officer. This includes all forms of contact (i.e. telephonic, electronic text, social media, email, verbal, and physical). You must not initiate contact with the victims through third parties.

2. Defendant shall constrain his contacts to Son 1 as Defendant was previously constrained under Protection From Abuse (PFA). No inappropriate or threatening contact with Son 1 under any circumstances

3. You are ordered to participate in cybercrime management and will inform your officer of all computer devices possessed or accessible to you. This includes: (a) desktop or laptop computers; (b) smartphones, smart watches, and tablets; (c) smart appliances/Internet of Things (IoT) devices, including hub or personal assistant devices; and (d) all network accessing devices, including internet-connectable gaming systems. You will not acquire or access any new or additional computer devices unless approved by your officer. You will also inform your officer of all your computer device, internet service provider (ISP), and social media user accounts (local and on-line services), both upon entering supervision and in the event that you create or receive additional user accounts. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

4. You are permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation/Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all your approved standard computer devices. Your standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of your standard computer devices shall be specific to your Court-ordered conditions, risk and needs, and cybercrime management requirements. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

5. You may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of your officer, you may also use specialized computer devices outside your residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

6. You may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by your officer.

7. You are responsible for all computer monitoring and/or management costs for your approved computer devices.

8. You must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by you. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

9. If the judgment imposes a financial penalty, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

10. To the extent restitution is imposed you must pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release in monthly installments, of not less than 10 percent of your gross monthly earnings. The first payment is due within 30 days from your release from the custody of the Bureau of Prisons.

11. You must participate in a mental health evaluation and follow any recommendations with respect to treatment, including any recommended treatment or programming for anger management. You must follow the rules and regulations of the treatment program until you are successfully discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office. The probation officer will supervise your participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program. You must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay. The probation office may provide a copy of the presentence investigation report to the mental health evaluator and mental health treatment provider, if so requested.

12. You must take all mental health medications that are prescribed by your treating physician. You must pay the costs of the medication.

13. You must undergo a substance abuse evaluation, to include evaluation for alcohol abuse, and follow the recommendations of that evaluation, including any recommendation that you participate in an inpatient and/or outpatient substance abuse treatment program. You must follow the rules and regulations of the treatment program and remain in treatment until satisfactorily discharged from the treatment program by the treatment provider and your discharge from the treatment program is approved by the United States Probation Office. The probation officer will supervise your participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program. You must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay. The probation office may provide a copy of the presentence investigation report to the substance abuse evaluator and substance abuse treatment provider, if so requested.

14. You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions on the prescription.

15. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods. You must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon your ability to pay.

16. You must not use or possess alcohol.

17. You must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 3,934.29 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Christian Larivee | $3,934.29 | $3,934.29 | |
| *Government to provide address | | | |
| to Finance Dept/Clerk's Office | | | |
| **TOTALS** | $ 3,934.29 | $ 3,934.29 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑ the interest requirement is waived for    ☐ fine    ☑ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DANIEL LARIVEE
CASE NUMBER: 2:23-cr-245-RJC-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $ 200.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

200.00 Special Assessment, due immediately; As to Restitution ordered in the amount of $3934.29 the defendant shall initially make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall be paid to the U.S. District Court for the Western District of Pennsylvania as a condition of supervised release. The victim's recovery is limited to the amount of its loss, and the defendant's liability for restitution ceases if and when the victim receives full restitution. The defendant shall pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release at a rate of not less than 10 percent of his gross monthly earnings. All moneys received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains are due within 10 days of receipt unless otherwise ordered by the court. · Payments shall commence within 30 days of release and be sent to Clerk of Court US District Court WDP A 700 Grant St. Suite 3110 Pittsburgh, Pa 15219.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.